```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

HOFER BUILDERS, INC                       CIVIL ACTION

VERSUS                                    NO: 12-1367

CAPSTONE BUILDING CORPORATION             SECTION: R
```

**ORDER AND REASONS**

Before the Court is the motion of Hofer Builders, Inc. to vacate an arbitration decision. Because the Court does not have the statutory authority to vacate the arbitration panel's denial of Hofer's motion for summary judgment, the Court DENIES the motion.

**I.    BACKGROUND**

This dispute arises out of a construction project to build school dormitories in Hammond, Louisiana, a project owned by University Facilities, Inc. ("UFI"). Capstone Development Corporation was the developer and Capstone Building Corporation the general contractor ("CBC").[1] CBC entered into two subcontract agreements with Hofer Builders, Inc. for Hofer to assist with the building project.[2] In May 2009, UFI filed suit against Capstone Development Corporation and after initiating arbitration, added CBC to the arbitration proceedings in January 2010. CBC then

---

[1] R. Doc. 1-5.

[2] *Id.*

filed an arbitration demand asserting third-party claims against Hofer in February 2010.[3]

The contracts between CBC and Hofer established that any disputes between them would be resolved by binding arbitration and that the law of the state in which the project at issue was performed would govern.[4] Hofer filed for summary judgment on the ground that CBC's indemnity claim against it had not yet accrued. The arbitration panel denied Hofer's motion. Hofer then filed a motion to vacate the panel's decision in this Court. Hofer contends that although the arbitrators' decision does not constitute a final award, the Court nevertheless may review it and that the arbitrators' manifest disregard of the law requires vacatur of the denial of summary judgment.

## II.   STANDARD

Judicial review of an arbitration award is extremely limited. *See Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.,* 918 F.2d 1215, 1218 (5th Cir. 1990). Courts must defer to the decision of the arbitrator. *See id.* The Fifth Circuit consistently has held that "arbitrators are not required to disclose or explain the reasons underlying an award." *See Antwine v. Prudential Bache Securities,* 899 F.2d 410, 412 (5th Cir. 1990); see *also The Houston Lighting & Power Co. v. Int'l*

---

[3]    R. Doc. 1-5.

[4]    R. Doc. 1-2 at 27, 39.

*Brotherhood of Elec. Workers*, 71 F.3d 179, 186 (5th Cir. 1995) ("Indeed, arbitrators are generally not even required to disclose or explain the reasons that underlie their decision."). If the basis for the award can be rationally inferred from the underlying contract, the reviewing court must confirm the award. *See Anderman,* 918 F.2d at 1218.

In a few circumstances, however, vacating an arbitration award may be appropriate. Title 9, United States Code, Section 10 sets forth the following grounds for vacating an award under the Federal Arbitration Act (FAA):

> (1) Where the award was procured by corruption, fraud, or undue means.
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In *Hall Street Associates, L.L.C. v. Mattel*, the Supreme Court held that § 10 provides the exclusive regime for vacatur of an arbitration award under the FAA. 128 S.Ct. 1396, 1404 (2008).

**III. DISCUSSION**

CBC contends that the Court may not review the arbitration panel's denial of summary judgment, because its decision does not

constitute a final award. The Fifth Circuit Court of Appeals has stated, "By its own terms, § 10 authorizes court action only after a final award is made by the arbitrator." *Folse v. Richard Wolf Med. Instruments Corp.*, 56 F.3d 603 (5th Cir. 1995) (citing *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411, 414 (2d Cir. 1980)). In *Michaels*, the court held that an award was final when "intended by the arbitrators to be their complete determination of all claims submitted to them." 624 F.2d at 413. Hofer asserts that pursuant to the Supreme Court's recent holding in *Stolt-Nielsen S.A. v. AnimalFeeds,* a court may review a decision made by an arbitration panel that is not a final award. 130 S.Ct. 1758 (2010).

In *Stolt-Nielsen*, the parties submitted to an arbitration panel the question of whether their arbitration clause allowed for class arbitration, and the award at issue was the arbitration panel's decision to impose class arbitration. *Id.* The Supreme Court determined that the arbitration panel imposed its own view of sound policy rather than interpreting the parties' arbitration agreement and stated that "an arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator 'exceeded [his] powers.'" 130 S.Ct. at 1767. As to ripeness, the Court found the issue ripe for judicial decision because if petitioners were correct, they would be compelled to submit to arbitration by arbitrators who had no authority to order them to

4

do so. *Stolt-Nielsen*, 130 S.Ct. at 1767 n.2 (citing *Nat'l Park Hospitality Assn v. Dep't of Interior*, 538 U.S. 803 (2003)). In addition, they would be subject to hardship if the Court withheld consideration because their only alternative was to refuse to arbitrate and become subject to a compulsion order. *Id.*

Hofer's claim that the Court's holding in *Stolt-Nielsen* broadly established the availability of vacatur under § 10(a)(4) for interlocutory rulings is not supported by the Court's decision. The Court did not announce a new rule or make clear the extent to which its holding applies outside of the context of arbitration decisions involving class action suits or arbitration clause construction.  The Fifth Circuit has described the *Stolt-Nielsen* decision as indicating that interlocutory appeals from arbitration tribunals may be allowed in "certain limited circumstances." *Louisiana Heath Service Indem. Co. v. DVA Renal Healthcare, Inc.*, 422 Fed. Appx. 313, *1 n.2 (5th Cir. 2011) (class action suit in which the court dismissed an appeal from an arbitration panel without a decision and thus did not analyze whether jurisdiction would exist). Further, Hofer has not demonstrated that the denial of summary judgment, in which no findings were made against Hofer other than its obligation to participate in the arbitration proceedings,[5] has caused any particular hardship or that the determination is especially fit

---

[5]   R. Doc. 1-5.

for judicial review. Therefore, the arbitration panel's decision to deny summary judgment is not the type of interlocutory decision for which judicial review has been sanctioned by *Stolt-Nielsen*.

Moreover, even if the Court may review the arbitration panel's decision under § 10(a)(4), Hofer has not demonstrated that the arbitrators "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Hofer argues that the applicable standard is manifest disregard of the law and cites the Supreme Court's statement in *Stolt-Nielsen* that it has not decided whether "manifest disregard" survives its decision in *Hall Street* that § 10 contains the exclusive grounds for vacatur under the FAA. 130 S.Ct. at 1768 n.3. But, the respondent in *Stolt-Nielsen* characterized "manifest disregard" as willful flouting of the governing law, *id.*, a standard that Hofer has not shown to be satisfied here. Further, the Fifth Circuit interpreted *Hall Street* as holding that arbitrators' manifest disregard of the law does not constitute a separate basis for vacating awards under the FAA. *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349 (5th Cir. 2009). The court noted that other courts of appeals have interpreted manifest disregard as shorthand for the statutory provisions of § 10, but it held that "the term itself, as a term of legal art, is

no longer useful in actions to vacate arbitration awards." *Id*. at 358. Because the Supreme Court did not clarify the role that the standard of manifest disregard may play within the provisions of § 10, the Court is bound by the holding of the Fifth Circuit and must adhere to the statutory language of § 10(a)(4).[6]

In vacating awards under § 10(a)(4) because arbitrators exceeded their powers, courts have generally found that arbitrators acted "contrary to express contractual provisions." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012). Hofer does not contest that it agreed to arbitrate its disputes with CBC; indeed, the contracts between the two companies state that "all disputes shall be resolved by binding arbitration."[7] *Cf. Reed v. Florida Metropolitan University, Inc.*, 681 F.3d 630 (5th Cir. 2012) (arbitrator exceeded power in forcing parties into class arbitration without contractual basis for his decision). Nor does Hofer assert that the arbitrators turned a blind eye to the terms of the arbitration contract by ignoring an explicit choice of law provision. *See Rent-A-Center, Inc. v. Barker*, 633 F. Supp. 2d

---

[6] Hofer cites state court precedent in support of its position that both "manifest disregard" and "contrary to public policy" are viable grounds on which to vacate an arbitration award. But, because Hofer filed its motion to vacate pursuant to the FAA, the standards set forth in § 10(a), rather than any state law grounds for vacatur, govern the Court's review of the panel's decision.

[7] R. Doc. 1-2 at 27, 39.

245, 253-54 (W.D. La. 2009) (contrasting arbitrator's application of relevant law with case in which arbitrator did not attempt to apply substantive law of Wisconsin, as required by parties' contract). Here, the contracts between the parties established that the contracts would be governed by the law of the state in which the work was performed,[8] which the parties agree is Louisiana. Although Hofer disputes the arbitrators' interpretation of Louisiana substantive and procedural law, there is no evidence that the panel ignored the relevant law entirely.

Rather, Hofer contends that the arbitration panel's denial of summary judgment should be vacated because the arbitrators misapplied the Louisiana Supreme Court's holding in *Ebinger v. Venus Construction Corporation*. In *Ebinger*, the court discussed the time at which a third party claim for indemnity accrues. 65 So.3d 1279 (La. 2011). The panel's ruling cited *Ebinger*, and its interpretation of Louisiana state law represents the type of arbitration decision deferred to by courts. "[A] court may not decline to enforce an award simply because it disagrees with the arbitrator's legal reasoning." *Reed*, 681 F.3d at 630. Even if the arbitration panel misapplied the law, precedent clearly establishes that this does not demonstrate that the panel exceeded its powers or provide grounds for vacatur. *See, e.g., Rent-A-Center, Inc.* 633 F. Supp. 2d at 257 ("[M]isapplication of

---

[8] R. Doc. 1-2 at 27, 39.

the law is not grounds for vacating an arbitration award under the FAA. . . . 'Our review is restricted to determining whether the procedure was fundamentally unfair.'") (quoting *Teamsters, Chauffeurs, Warehousemen, Helpers and Food Processors, Local Union 657 v. Stanley Structures, Inc.*, 735 F.2d 903 (5th Cir. 1984)). Although Hofer implies that the arbitration panel's decision that Hofer must participate in arbitration is akin to the award vacated in *Stolt-Nielsen*, there, the arbitrators compelled arbitration in a circumstance in which the parties had not agreed to arbitrate. Here, the arbitration panel's decision concerns whether CBC may bring a claim against Hofer at all. This issue falls squarely within the scope of the parties' agreement that all disputes shall be settled by arbitration. Thus, the arbitrators' determination as to CBC's cause of action against Hofer does not result from the panel's exceeding its powers by the terms of § 10(a)(4). *See, e.g., Hamel-Schwulst v. Country Place Mortg. Ltd.*, 406 F. App'x 906, 914 (5th Cir. 2010) ("It has been the rule for some time that courts do not vacate an arbitration award based on the merits of a party's claim."). The Court therefore finds that Hofer has not demonstrated that the arbitration panel's denial of summary judgment constitutes the type of arbitration decision that the Court may vacate.[9]

---

[9] Hofer does not contend that the second element of § 10(a)(4) is applicable, that the arbitrators imperfectly executed their powers and thus precluded the issuance of a final award. In

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Hofer's motion to vacate the arbitration panel's denial of summary judgment.

New Orleans, Louisiana, this 20th day of November, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

any event, this grounds for vacatur has been invoked in instances in which arbitrators issued a vague or confusing award that precluded a final resolution, which is not the case here. *See, e.g., Lummus Global Amazonas S.A. v. Aguaytia Energy del Reru S.R. Ltda*, 256 F. Supp. 2d 594, 641 (S.D. Tex. 2002) (citing *Americas Ins. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64 (2d Cir. 1985)).